**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rodney J. FILLMORE, ) | No. CV-05-4221-PHX-SMM |
| Plaintiff, ) | **ORDER** |
| v. ) | |
| Hon. Janis Ann STERLING, ) | |
| Defendant. ) | |

Pending before the Court is Defendant's Motion to Dismiss, filed on January 11, 2006 [Doc. No. 3]. Plaintiff responded on February 1, 2006 [Doc. No. 10], and Defendant filed a Reply on February 10, 2006 [Doc. No. 11]. After considering the parties' briefs, the Court now issues the following ruling.

**BACKGROUND**

Plaintiff, appearing *pro se*, brought this action pursuant to 42 U.S.C. § 1983 against Judge Janis Ann Sterling, a Judge in Yavapai County Superior Court, on December 23, 2005. [Doc. No. 1] Plaintiff alleges that he appealed a decision by Judge Markham of the Prescott Justice Court to Yavapai County Superior Court Presiding Judge Sterling ("Defendant"), and that Defendant did not make findings of fact or conclusions of law as Rule 12(b) of the Arizona Superior Court Rules of Appellate Procedure gives Defendant authority to make. Plaintiff filed a Petition for Special Action with the Arizona Court of Appeals, requesting that the Court of Appeals order Defendant to apply Rule 12(b)'s standard of review, but the Court of Appeals declined jurisdiction. Plaintiff then filed with the Arizona Supreme Court

1  a Petition for Review of a Special Action Decision of the Court of Appeals, and the Arizona
2  Supreme Court denied Plaintiff's Petition.

3      Plaintiff then filed the case at bar, claiming that Defendant denied Plaintiff due
4  process guaranteed him under the Fifth and Fourteenth Amendments of the United States
5  Constitution by failing to make findings of fact or conclusions of law. On January 11, 2006,
6  Defendant moved to dismiss the cause of action for lack of jurisdiction. As stated above, the
7  Motion is now fully briefed and ripe for disposition by this Court.

8  **STANDARD OF REVIEW**

9      Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a defendant to bring a
10  motion to dismiss asserting a "lack of subject matter jurisdiction." FED. R. CIV. P. 12(b)(1).
11  When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the
12  burden of proving jurisdiction in order to survive the defendant's motion to dismiss. Tosco
13  v. Communities for a Better Env't, 236 F.3d 495, 499 (9th Cir. 2001); Stock West, Inc. v.
14  Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989). "[A] plaintiff suing in federal
15  court must show in his pleading, affirmatively and distinctly, the existence of whatever is
16  essential to federal jurisdiction, and, if he does not do so, the court, on having the defect
17  called to its attention or on discovering the same, must dismiss the case, unless the defect can
18  be corrected by amendment." Smith v. McCullough, 270 U.S. 456, 459 (1926) (internal
19  punctuation omitted). A case is properly dismissed when the court lacks the statutory
20  authority or constitutional power to adjudicate the case. See, e.g., Tosco, 236 F.3d at 499.

21  **DISCUSSION**

22      In her Motion, Defendant proffers three grounds for dismissal of the Complaint: the
23  Rooker-Feldman doctrine applies, Defendant is immune from suit under the Eleventh
24  Amendment, and Plaintiff has failed to state a claim under 42 U.S.C. § 1983. The Court will
25  first address the Rooker-Feldman doctrine.

26      Under what has become known as the Rooker-Feldman doctrine, federal district courts
27  lack jurisdiction to review the judgments and decisions of state courts. District of Columbia
28  Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S.

1 413 (1923). In Feldman, the Supreme Court stated that district courts do not have 2 jurisdiction "over challenges to state court decisions in particular cases arising out of judicial 3 proceedings even if those challenges allege that the state court's action was unconstitutional." 4 460 U.S. at 486. Rather, the Court added, "[r]eview of those decisions may be had only in 5 [the Supreme] Court" pursuant to 28 U.S.C. § 1257. Id.

6 The Ninth Circuit has recently provided additional guidance in applying the Rooker-7 Feldman doctrine. In Noel v. Hall, 341 F.3d 1148, 1164 (9th Cir. 2003), the Ninth Circuit 8 provided this formulation: "If a federal plaintiff asserts as a legal wrong an allegedly 9 erroneous decision by a state court, and seeks relief from a state court judgment based on that 10 decision, Rooker-Feldman bars subject matter jurisdiction in federal district court." In such 11 an instance, that federal plaintiff seeks a forbidden de facto appeal. See id. at 1163. In 12 Worldwide Church of God v. McNair, 805 F.2d 888, 891 (9th Cir. 1986), the Ninth Circuit 13 emphasized that the Rooker-Feldman doctrine "applies even when the challenge to the state 14 court decision involves federal constitutional issues," such as challenges anchored to alleged 15 deprivations of federally protected due process and equal protection rights.

16 In this case, Plaintiff contends that his due process rights were violated when 17 Defendant failed to apply Rule 12(b) of the Arizona Superior Court Rules of Appellate 18 Procedure. Plaintiff seeks injunctive relief as his remedy, asking this Court to order 19 Defendant to review Plaintiff's case and decide contested issues of law and fact in accordance 20 with Rule 12(b) of the Arizona Superior Court Rules of Appellate Procedure. However, the 21 Court finds that Plaintiff's claim essentially "request[s] the district court to conduct a direct 22 review of the state court's judgment and to scrutinize the state court's application of various 23 rules and procedures pertaining to his case," which this Court cannot do under the Rooker-24 Feldman doctrine. Allah v. Superior Court, 871 F.2d 887, 891 (9th Cir. 1989). Despite 25 Plaintiff's characterizations to the contrary, the Court finds that Plaintiff's Complaint seeks 26 a reversal of the decisions of the Arizona courts because Plaintiff asks this Court to 27 "command" Defendant to re-conduct her appellate review of Defendant's Justice Court case. 28 This Court simply lacks the power to take such action. Only the United States Supreme

1 Court has jurisdiction to review the state courts' judgment. Accordingly, this Court lacks
2 subject matter jurisdiction over Plaintiff's Complaint and this case must be dismissed.
3 Defendant's Motion will therefore be granted.[1]

### CONCLUSION

For the reasons set forth above,

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss [Doc. No. 3] is GRANTED.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** with prejudice, thereby terminating this action. The Clerk of Court is directed to enter judgment accordingly.

DATED this 22nd day of February, 2006.

_____
Stephen M. McNamee
Chief United States District Judge

---

[1] Because the Court has determined that it lacks subject matter jurisdiction over this matter, it need not address Defendant's other grounds for dismissal.